*Rec'd 7/13/23*
*Cumberland Sheriff Home*
*served on Little*
*Klemm 58 & y*
*23'158*

## IN THECOURT OF COMMON PLEASE
## OF MONTGERY COUNTY COURT, PENNSYVANIA

JORI BRITT,                                  :

     *Plaintiff,*                             :     CIVIL. NO.

                                  :

v.                                           :     Montgomery Co Prothonotary
                                             :     JUL 3 '23 PM 1:46
                                             :
PENNSYLVANIA DEPARTEMENT OF CORRECTIONS; :
SECRETARY GEORGE E. LITTLE;                  :
DTS REV. ULLI KLEMM RELIGIOUS SERVICE-       :
ADMINISTRATOR;                               :
Sued in Thier Individual and Official Capacties.   :     **JURY DEMAND**

     *Defendants.*                            :

## COMPLAINT

### I.     PRELIMINARY STATEMENT

1.     Plaintiff Jori Brit, pro se, brings this action pursunat to 42 U.S.C. § 1983 for violations of his rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq,   The  First,  Fourth, Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, seeking Enforcement of Settlement Agreement/Federal Court Order monetary, compensatory, declaratory, punitive damages, sanctions, & injunctive relief.

### II.     JURISDICTION & VENUE

2.     This Court has jurisdiction pursuant to 42 Pa. C.S. §931(a).

3.     Montgomery Coury is an appropiate venue pursuant Pa.R.Civ. 1006(a)(i) and/or 42 C.S. §8523(a) and is proper because Montgomery County is where the events giving arise to Plaintiff's claims arose in this County.

### III.   PARTIES

4.      Plaintiff Jori Britt, he is an Inmate currecntly confined at Pennstlavania State Correctional Institution Phoenix ("SCI") Phoenix, located at 1200 Mokychic Dirve, P.O. Box 246, Collegeville, PA 19426.

5.      Defendant George M. Little, is the Secretary of Pennsylvania Department of Correction, located at 1920 Technology Parkway, Mechanicsburg, PA 17050. He is responsible for the promulgation, and enforcment of all PA-DOC policies. Plaintiff sued Mr. Litle in his individual and official capacity.

6.      Defendant Rev. Ulli Klemm, is the Religious Service Administrator/DTS of Pennsylvania Department of Correction, located at 1920 Technology Parkway, Mechanicsburg, PA 17050. He is responsible for the promulgation, and enforcment of all PA-DOC Religious Services and policies.  Plaintiff sues Mr. Klemm in his individual and official capacity.

7.      Each Defendant acted under the color of State Law, and all material times, were responsible for the care, custody, and control of Plaintiff's phyiscal safety and religious freedom protections.

8.      Paragraph 1-7 are being incorprorated by reference as the same set forth as length herein.

### IV.   FACTUAL ALLEGATIONS

9.      Plaintiff has been incarcerated within the PA-DOC institution since 2012, and has practiced the Islamic religion in accordance to the Quran & Sunnah and follows the teaching of Prophet Muhammad before commitment into the PA-DOC and while in custody within the PA-DOC.

10.     Defendant Pennsylvania Department of Corrections (hereinafter PA-DOC) PA-DOC due to it's discriminatory history and unlawful treatment toward the Muslims in their custody dating as far back as the 1980's, the Muslim Inmates at PA-DOC ("SCI") Greaterford filed a Class Action Law Suit No. 79-3699 against Defendants' PA-DOC for not being afforded the rights to freely exercise and/or practice their religion in the PA-DOC Institutions statewide.

11.     Among many of the religious freedoms not recognize by the PA-DOC was the religious Ceremonial practice known as the (Eid), which are ceremonies held at the end of Ramadan, ("Eid ul-Fitr & Eid Adhal").

12.     The religious ceremonial Eid Feast is in accordance with the Noble Quran, the Sunnah, and the teachings of Prophet Muhammad which consist of (Halal-Meat) meats/animals slaughtered/sacrificed in the Name of Allah.

13.     During a 1983, Class Action Hearing filed against Defendant PA-DOC, Defendant PA-DOC intered into an agreement to permit among other things the Muslim Community to have at the end of Ramadan, ("Eid ul Fite & Eid Adhal") Feast for over fourty (40) years. (See: attached Class Action No. 79-3699 Law Suit Agreement & Court as Exhibit A).

14.     On October 4, 2021, Defendants' PA-DOC, Little, and Klemm released memorandum to all PA-DOC Institutions issuing and (out-right-ban) on the Muslim Community from any longer being allowed to have a Eid and/or ceremonial meats for their religious feast, known as the Eid Feast. (See: attached Memorandum dated October 4, 2021 signed by Defendant George M. Little as Exhibit B).

15.     The meats required & purchased for both Eid-Feast was acommplished by each individual Muslim paying a determined set price according to the pricing of the approved vender.

16.     Defendants' PA-DOC within it's October 4, 2021, memorandum/new PA-DOC

policy change has placed a substantial berden on Plaintiff's sincerely held religious beliefs & practice by placing and (out-right-ban) not allowing Halal-Meats to be purchased for the Islamic cercmonial Eid-Feast, as it once did allow for over the last fourty (40) years and agreed to do within the Class Action Law Suit Agreement & Court Order No. 79-3699.

17.   Defendants' PA-DOC for no penological instrest has placed an (out-right-ban) on Eid-Feast while allowing meats and/or feast to be held and meats/foods purchased for other religions and their ceremonial feastivties utitlizing PA-DOC funds to do so.

18.   Defendants' PA-DOC allows feats & purchases foods/meats for other similarly situated religious groups & their religious ceremonial feastivities such as the Christian Community purchasing food/meats for the Christmas meal, Communion-Bread & Juice, and Thanks Giving Day meals.

19.   Further, the Defendants' also permitts cercemonial foods/meats on and within it's PA-DOC Institutions for (Employee Appreciation Day) which is held with outside food/meats being purchased, cooked on BBQ-Grills and distributed to the staff for unreligious reasons other then traditional ceremony, also where SCI-Phoenix staff are permitted to purchase food/meats from a (Food-Truck) permitted on the property to serve food/meats which is also done without religious reasoning. Also Defendants PA-DOC host a 4th of July Meal, Memeorial Days Meal, and Veterans Day Meal at SCI-Phoenix. (See: attached SCI-Phoenix Weekly Food Menues dated Nov. 27, 2022 & Dec. 25,  as Exhibits C-1 thru C-2).

20.   Moreover Defendants' PA-DOC, Klemm, and Little continues to display discriminatory treatment towards other religious groups such as the Jewish Community. All Defendants provided and/or althorized the Jewish Community and religious accommodation in the form of (Boxes of Matzah) for their religious cercemonial while denying and/or not offering

the Islamic Community any accommodations for their religious cercemonial. (See attached PA-DOC DC-135 Inmate Request Slip issued at SCI-Phoenix for the year of 2023 as Exhibit D).

21.     The Jewish Community for its religious hoilyday was not forced to eat the meal of the day/food prepared by SCI-Phoenix that is provided to all inmates. However, the Jewish Community was accommodated with a meal that coincided with the Jewish religion, and reframed from naming their religious cercemonial meal a (fellowship meal) while denying the Islamic Community the same accommodations.

22.     Defendants PA-DOC have a policy in place which fosters excessive government entanglement with religion & its principal or primary effect is to advance or inhibit religion. Defendants' force and/or use conrcion when providing religious meal/ceremoanl festivities meals on Christian religious hoildays.

23.     During the Christian religious hoildays one being the Christmas cecrmaonal festivities/Christmas meal at SCI-Phoenix, the insitution calls an earily count at 10:00 A.M. insted of counting at 12: 30  P.M. the normal institutional operational counting time. This is done so count can clear at 12:00 P.M. instead of 1:00 P.M. which is the normal institutional operational time. This is done to accommodate the unusual increased number of inmates going to the dinning halls.

24.     As a direct result non-Christians are deprived of normal institutional operational feeding times for lunch with a start time at 10:45 A.M. and are deprived of one (1) hour recrational time due to the earily count and forced to wait until after 12:00 P.M. once the housing unit is called to receive their institutional meal.

25.     As a foreseeable and predictable result, if an inmate does not or can not eat the Christmas meal for religious reasons or non-religious reasons the alternative meal is not what

would have been served on that day had it not been for the Christmas meal, inmates who are non-Christians are giving no other choice other then to participate in the Christmas meal which forces inmates to participate in some form also stand in unusual long lines to receive the lunch for that day. Which has been replaced with a religious meal, the Christmas meal.

26.    As a foreseeable and predictable result, Inmates who work in the SCI-Phoenix/PA-DOC kitchens are forced to participate in the preparation & serving of the Chistmas meal, failure to prepare the Christmas meal results in failure to report to work and/or failure to follow a direct order even if the inmate has a religious reason for not being premitted to prepare a religious meal outside of his religious belief. The PA-DOC out the PA-DOC/SCI-Phoenix funds order meats & other foods to cocmplsih hosting the Christmas meal.

27.    Additionally, SCI-Pheonix/PA-DOC staff are pulled off their assigned post to accommodate the operational task involved with hosting the Christmas meal held on the 25th of every December consistent with the Christian teaching, religion, and belief.

28.    Moreover, normal PA-DOC/SCI-Phoenix institutional operational are effected due to hosting the yearly Christmas meal, and where SCI-Phoenix earily count at 10:00 A.M. instead of normal count time at 12:30 P.M. Inmates are deprived of 45 minutines or more of rec-time provided any other day. Inmates who have visits on this day who families doesn't make it in the PA-DOC/SCI-Phoenix institution before this Christmas meal earily count is not only deprived of normal visiting time, but no one is giving notice of this (in-house) institutional policy before hand.

29.    As a foreseeable and predictable result, inmates family members are blind-sided and leave without receiving a visit. All of these accommodations are giving to one religious group the Christian community, while depriving the Plaintiff of a Eid Feast something that has

been in placed for the last fourty (40) years. Defendants have not cited to and/or demonstrated that an (out-right-ban) on the Islamic religous Eid Feast is the least restrictive/intrusive means available, while providing the Christian community with a Feast as stated above.

30.    As a foreseeable and predictable result, of the (out-right-ban) on the Eid-Feats, Plaintiff is substantially burden by not being afforded the same religious freedom, exercise, and/or accommdations the PA-DOC provides other similarly situated individual within it's custody, violating Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq,  The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

31.    As a foreseeable and predictable result, Plaintiff is substanitally burden by Defendants' PA-DOC re-naming plaintiff's religious ceremony from (Eid) to Fellowship Meal while not re-naming the Christian's religious ceremony from Christmas to something other then Christmas, or the Jewish religious ceremony from Pastover to something other then Pastover violating Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The Frist and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

32.    As a foreseeable and predictable result, Defendants' PA-DOC has removed any and all language from PA-DOC policy DC ADM-819 pertaining to the (Eid-Feast), while keeping in place and recognizing the Christian & Jewish religious Holy Names for religious ceremonies violating Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et

seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

33.    As a foreseeable and predictable result, Defendants' PA-DOC has substantially restricted Plaintiff from fully execising his religious belief by partaking in the (Eid-Feast) as he once did for over the last decade, and has been deprived the religious exercise that has been in place within the PA-DOC for over the last fourty (40) years violating Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq,  The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

34.    On November 10, 2022, Plaintiff submitted an PA-DOC DC ADM-819 Inmate Religious Acoomodation Form requesting the approval to personally possss and maintain religious blessed scented-oil in his cell for prayer. (See: attcahed PA-DOC DC ADM-819 Inmate Religious Acommodation Form, signed by Plaintiff and submitted at SCI-Phoenix/PA-DOC as Exhibit E).

35.    On Feb. 27, 2023, Plaintiff received the denial to his religious request from Defendants' PA-DOC, Little, and Klemm. (See: attached denial dated Feb. 24, 2023 signed by Defendant Klemm as Exhibit F).

36.    Plaintiff pursuant to his religion is required to prayer five (5) daily prayer's which is mandated by the Quran, Sunnah, and Prophet Muhammad. Throughtout a week Plaintiff's prays (35) times a week and out of the week he is only porvided with religious blessed scented oil for prayer at Friday's Religious services (Jumu'ah) a religious services for the Muslims.

37.    Defendants' PA-DOC, Little, & Klemm authorize the blessed scented oil to be provided to Muslims for prayer only on Friday's & remained stored within the Chaplain's office

at SCI-Phoenix. Defendants' PA-DOC, Litte, & Klemm allows religious scented oil into the PA-DOC, however placing and (out-right-ban) on Plaintiff from maintaining his own blessed scented oil in his cell for prayer.

38.     Defendants' PA-DOC, Little, & Klemm has a substantial burdensome policy DC ADM-819 Section (3)(c) in place restricting plaintiff from freely exerising his religious beliefs by placing an (out-riht-ban) on plaintiff from receiving religious blessed scented oil. Following the Quran, Sunnah, and Prophet Muhammad having blessed scented on the body for prayer is something Plantiff is only provided for one prayer out of 35 prayers a week.

39.     Defendants' PA-DOC, Little & Klemm states granting Plaintiff's religious accommodation request for blessed scented oil would cause a security risk shuch as "A Fire hazard, could be used to mask the smell of illegal substances, ingested or used as a weapon . . . further, that Plaintiff could buy secented soaps, body wash, lotins, powders, scented deodorants, and aftershave." As a replacement for religious blessed secented oil.

40.     Defendants' PA-DOC, Little, & Klemm fines no security risk in providing other non-religious scented items sold on commissary that can also be "A fire hazard" and used in the same ways stated above, but for a non proven justifiable reason for denying Plaintiff's religious accommodation request. Only determines blessed scented muslim oil to be a hazard.

41.     Defendnats' PA-DOC, Little, & Klemm have no justifiable reason for denying Plaintiff's religious accommodation request, Defendants have in place and maintains and (out-right-ban) on reilgious blessed scented oil found in PA-DOC DC ADM-819 policy.

42.     On an excessive amount of occassions outside of Plaintiff's control when Defendants PA-DOC or SCI-Phoenix Adiministrators cancels Islamic Friday prayer (Jumu'ah) services, Plaintiff is totally deprived of being provided with blessed scented oil for his Friday

(Jumu'ah) prayer. Therfore, Plaintiff is deprived of having blessed scented oil for Friday (Jumu'ah) prayer, and/or when the approved handler task with administering the blessed scented oil at Friday (Jumu'ah) service is unavailable to provide the blessed scented oil plaintiff is deprived of blessed scented oil for Friday (Jumu'ah) prayer which accures without notice and often.

43.     During a past two (2) year lockdown at SCI-Phoenix due to covid-19, Plaintiff was deprived of gaining any access to blessed scented oil, and was made to prayer Friday (Jumu'ah) prayer in his cell without it.

44.     Plaintiff as a Muslim follows the teaching of Prophet Muhammad, who after a bath scented his body with scented oil including in his hair for his daily prayers including Friday prayers (Jumu'ah).

45.     Due to this practice of Prophet Muhamman using blessed scented oil before his five (5) daily prayers, Defendant PA-DOC approves blessed scented oil to enter PA-DOC's and given out to Muslims for Friday prayer (Jumu'ah), but only for one prayer out of (35) weekly prayers.

46.     In part, Defendants' PA-DOC, Little, & Klemm recongnize the religious significances of the Muslim practice to have blessed scented oil for prayer, but only permits Plaintiff access to it for one prayer out of (35) weekly prayers. Therefore, depriving Plaintiff of (34) weekly prayers without blessed scented oil to stand before his Lord in prayer.

47.     When the Plantiff made Defendants' PA-DOC, Little, & Klemm aware that Plaintiff was being deprived of blessed scented oil for his prayers, though the PA-DOC DC ADM-819 Religious Accommodations Request Form, grievance system & grievances & appeals, all Defendants' failed to correct the problem despite having the power to do so.

48.     At this point, Defendants' PA-DOC, Little, & Klemm was made aware that its (out-right-ban) policy DC ADM-819 (3)(c) which prohibits Plaintiff from possessing blessed scented oil in his cell for paryer was a substantially burden on Plaintiff's religious practice, all Defendants' intentionally ignored and failed to correct the problem despite having the knowledge and power to correct the problem/policy.

49.     Defandant Klemm was specifically task with the handling of Plaintiff's PA-DOC Religious Accommodation Request requesting the approval to possess blessed scented oil in his cell. (See also Exhibit E).

50.     On Feb. 27, 2023, Plaintiff received the Defendants' Klemm's denial to Plaintiff's religious accommodation request. (See also Exhibit F).

51.     When Plaintiff made Defendant Klemm aware that Plaintif was being deprived blessed scented oil and that doing so was violation of Plaintiff's protected rights through the PA-DOC DC ADM-819 Religious Accommodation From, the grievance system, and grievances & appeals, Defendant Klemm failed to correct the problem despite having the knowledge and power to correct and/grant plaintiff religious accommodation request.

52.     At this point, Defendant Klemm had direct involvement in the handling of Plaintiff's religious accommodation request which he denied.

53.     On Novemebr 10, 2022, Defendant Little was the Seccertary of PA-DOC and was responisble for the care, custody and control of plaintiff's religious safey.

54.     Defendant Little authorized, approved and/or maintained a discrminatory PA-DOC policy, custom, and practice through PA-DOC DC ADM-819 Section (3)(c) which placed and (out-right-ban) blessed scented oil, prohibiting Plaintiff from possess blessed scented oil in his cell for prayer.

55.     At all times relevant to this complaint, Plaintiff made Defendant Little aware the fact plaintiff was being denied a religious accommodation in the form of blessed secnted oil and that PA-DOC DC ADM-819 Section (3)(c) was in violation of plaintiff's protected rights, but Defendant Little failed to correct the problem.

56.     When Plaintiff made Defendant Little aware he was being deprived of blessed scented oil and that doing so was violation of Plaintiff's protected rights through the PA-DOC DC ADM-819 Religious Accommodation From, the grievance system, and grievances & appeals, Defendant Little failed to correct the problem despite having the knowledge and power to correct and/grant plaintiff religious accommodation request.

57.     At this point, Defendant Little had direct administrative involvement in the handling of Plaintiff's religious accommodation request which he denied, and despite knowledge of PA-DOC DC ADM-819 Section (3)(c), Defendant Little failed to correct the problem depriving plaintiff of practicing his religion fully.

58.     As a foreseeable and predictable result, on the part of Defendants' PA-DOC, Little, Klemm, & PA-DOC DC ADM-819 Section (3)(c) (out-right-ban) policy on religious scented oil, Plaintiff is substantially burden and restricted from using religious scented oil for (34) of the prayers prayed weekly and by not being afforded the right to pratice his religion freedly. Defendants' PA-DOC, Little, and Klemm have violated Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

59.     As a foreseeable and predictable result, on the part of Defendants' PA-DOC, Little, & Klemm, Plaintiff has been substanitally burdened by all Defendant only providing

plaintiff with religious blessed scented oil once a week at religious services (Jumu'ah) violating Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act,Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

60.    As a foreseeable and predictable result, on the part of Defendants' PA-DOC, Little, and Klemm Plaintiff has been substantially restricted from fully exerising his religious beliefs by citing unjustified security risk to maintain an (out-rigt-ban) on blessed scented oil in violation of Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

61.    In November of 2022, Plaintiff submitted an PA-DOC DC ADM-819 Inmate Religious Acoomodation Form requesting the approval for a see-through shower curtain with opaque view. (See: attcahed PA-DOC DC ADM-819 Inmate Religious Acoomodation Form, signed by Plaintiff and submitted at SCI-Phoenix/PA-DOC as Exhibit G).

62.    On Feb. 27, 2023, Plaintiff received the denial to his religious request from Defendants' PA-DOC, Little, & Klemm. (See: attcahed response denial dated 2/24/2023 as Exhibit H).

63.    Pursuant to The Quran, the Sunnah, and the teaching of Prophet Muhammad Plaintiff's is prohibited from being seen by men/women unclothed while showering or during any other time.

64.    Defendants' PA-DOC, Little, Klenn maintain a discriminatory policy, practice,

and/or custody in place via PA-DOC ADM-008 Section (J) which provides in releavnt part: "Special accommodations . . . In this policy inmates housed in the same SCI-Phoenix institution are provide opportunity to shower separately and privately away from other inmates and staff, with adjuested shower times to ensure these accommodations. (See: attached PA-DOC DC ADM-008 Policy as Exhibit I).

65.     Defendants' PA-DOC, Little, & Klemm has a substantial burdensome policy DC ADM-819 Section (J) in place restricting plaintiff from freely exerising his religious beliefs by denying Plaintiff's request to shower in private like other similarly situated inmate in the same SCI-Phoenix where Plaintiff is housed.

66.     Defendants' PA-DOC, Little & Klemm states for reasons denying Plaintiff's religious accommodation request for a see-through shower curtain with a opaque view are as follows in relevant part: "Privacy can easily be accomplished by Plaintiff wearing his boxers or placing a towel around his private areas while showering . . . can also cover his chest and back with his towel . . . on the housing unit Plaintiff is housed each shower is separated by partial and half-door provides and additional level of privacy . . . for the safety of inmates, officers and staff need to be able to view all inmates at all time, which they are able to do without seeing private areas . . . the Prison Rape Elimination Act (PREA) of 2003 mandates that transgender and intersex inmates be giving the opportunity to shower separately and privately from other inmates." (See: also Exhibit H)

67.     Defendants' PA-DOC, Little, & Klemm fines no security risk in providing other similarly situated inmates for non-religious reasons, but a personal preference "That transgender and intersex inmates be giving the opportunity to shower separately and privately from other inmates" while these same inmates, other inmates, and staff are provided the opportunity to view

14

Plaintiff while he showers.

68.     Defendants' PA-DOC, Little, & Klemm have no justifiable reason for denying Plaintiff's religious accommodation request, all Defendants have in place and maintains a discriminatory policy required in PA-DOC DC ADM-008 Section (J) policy. Plaintiff requested for religious reasons something the SCI-Phoenix already provides on other housing units at SCI-Phoenix where Plaintiff is housed.

69.     SCI-Phoenix provides non-see-through shower curtains without a opaque view at SCI-Phoenix on housing (Units-A) (Units-B) (Units-M) & (Units-Q).

70.     Defendants PA-DOC, Little, & Klemm maintains a discriminatory policy required in PA-DOC DC ADM-008 Section (J) policy due to inmates and staff being able to view ("any") inmate/inmates while showering. Defendants PA-DOC, Little, & Klemm didn't inform transgender and intersex inmates "Privacy can easily be accomplished by Plaintiff wearing his boxers or placing a towel around his private areas while showering . . . can also cover his chest and back with his towel . . . on the housing unit Plaintiff is housed each shower is separated by partial and half-door provides and additional level of privacy . . . for the safety of inmates, officers and staff need to be able to view all inmates at all time, which they are able to do without seeing private areas . . . the Prison Rape Elimination Act (PREA) of 2003 mandates that transgender and intersex inmates be " as they informed Plaintiff to do. (See also Exhibit H).

71.     On an excessive numbers of occassions outside of Plaintiff's control Plaintiff is totally deprived of being provided with the same protection afforded to similarly situated inmates housed at SCI-Phoenix to shower without being viewed by staff and inmates. Even with "each shower being separated by partial and half-door provides and additional level of privacy" as Defendants PA-DOC stated, Plaintiff is still seen and remians able to be seen while he showers.

72.     For these reasons, Defendants provided Special accommodations required in PA-DOC DC ADM-008 Section (J) protections to one group of similarly situated inmates for non-religious reasons, but denied Plaintiff's reasonable religious request for something PA-DOC/SCI-Phoenix already provides at SCI-Phoenix on housing (Units-A) (Units-B) (Units-M) & (Units-Q), Therefore, depriving Plaintiff of a reasonable religious accommodation in the form of a see-throught shower curtain with a opaque view. Which would still provide staff with enough vision, while providing and opaque view.

73.     When Plantiff made Defendants' PA-DOC, Little & Klemm aware of that Plaintiff was being deprived the same protection afforded to similarly situated inmates housed at SCI-Phoenix to shower without being viewed by staff and inmates, through the PA-DOC DC ADM-819 Religious Accommodations Request Form, grievance system & grievances & appeals, all Defendants' failed to correct the problem despite having the power to do so.

74.     At this point, Defendants' PA-DOC Little & Kleem was made aware that its policy DC ADM-008 Section (J) which prohibits Plaintiff the same protection as similarly situtated inmates was a substantially burden on Plaintiff's religious practice, all Defendants' intentionally ignored and failed to correct the problem despite having the knowledge and power to correct the problem/policy.

75.     Defandant Klemm was specifically task with the handling of Plaintiff's PA-DOC DC ADM-819 Religious Accommodation Request Form requesting the approval a see-through shower curtain. (See also Exhibit G).

76.     On Feb. 27, 2023, Plaintiff received the Defendant Klemm's denial to Plaintiff's religious accommodation request. (See also Exhibit H).

77.     When Plaintiff made Defendant Klemm aware that Plaintif was being deprived of

the same protected rights as similarly situated inmates through the PA-DOC DC ADM-819 Religious Accommodation From, the grievance system, and grievances & appeals, Defendant Klemm failed to correct the problem despite having the knowledge and power to correct and/grant plaintiff religious accommodation request.

78.     At this point, Defendant Klemm had direct involvement in the handling of Plaintiff's religious accommodation request which he denied.

79.     On Novemebr 10, 2022, Defendant Little was the Seccertary of PA-DOC and was responisble for the care, custody and control of plaintiff's religious safey.

80.     Defendant PA-DOC, Little, and Klemm authorized, approved, and/or maintained a discrminatory PA-DOC policy, custom, and practice through PA-DOC DC ADM-008 Section (J) which restricts plaintiff from freely exerising his religious beliefs by denying Plaintiff's request to shower in private like other similarly situated inmate in the same SCI-Phoenix where Plaintiff is housed.

81.     At all times relevant to this complaint, Plaintiff made Defendants' PA-DOC, Little, and Klemm aware the fact plaintiff was being denied a religious accommodation in the form of see-through shower curtain with opaque view and that PA-DOC DC ADM-008 Section (J) was in violation of plaintiff's protected rights, but Defendants PA-DOC & Little failed to correct the problem.

82.     When Plaintiff made Defendant PA-DOC & Little aware he was being deprived of the same protections afford to other similarly siuated inmates at SCI-Phoenix and that doing so was in violation of Plaintiff's protected rights through the PA-DOC DC ADM-819 Religious Accommodation From, the grievance system, and grievances & appeals, Defendants' PA-DOC, Little, and Klemm failed to correct the problem despite having the knowledge and power to

correct and/grant plaintiff religious accommodation request.

83.   At this point, Defendants' PA-DOC, Little, and Klemm had direct administrative involvement in the handling of Plaintiff's religious accommodation request which they denied, and despite knowledge of PA-DOC DC ADM-008 Section (J), Defendant PA-DOC, Little, and Klemm failed to correct the problem depriving plaintiff of practicing his religion fully.

84.   As a foreseeable and predictable result, on the part of Defendants' PA-DOC, Little, & Little PA-DOC DC ADM-008 Section (J) policy Plaintiff is substantially burden and restricted from using a see-through shower curtain a opaque view for religious reasons by not being afforded the right to practice his religion freedly. Defandants' PA-DOC, Little, Klemm violated Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The Fourth, First, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

85.   As a foreseeable and predictable result, on the part of Defendants' PA-DOC, Little, & Klemm Plaintiff has been substanitally burden by all Defendants only providing similarly situated inmates with protection while they shower and not providing Plaintiff with the equal protection in violation of Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

86.   As a foreseeable and predictable result, on the part of Defendants PA-DOC, Little, & Klemm has substantially restricted Plaintiff from fully exerising his religious believes by citing unjustified security risk to maintain and deny planitiff any religious privacy to shower subjecting

plaintiff to be view naked by man/woman staff, transgender and intersex inmates who are giving times to shower in privacy who are "giving the opportunity to shower separately and privately from other inmates.", the inmates who have sexual relationships with the transgender and intersex inmates, and other inmates subjecting Plaintiff to cruel and unusual punishment in violation of Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

87.    On Oct. 8, 2022 Defendants PA-DOC, Little, and Klemm were aware of a discriminimatory policy, practice, and custody when Plaintiff was denied access to a religious headscarf items afforded to other similary situated inmates for religiouse and non-religious reasons.

88.    On or about the milddle of Sepember of 2022, Defendants' PA-DOC, Little, and Klemm directed, approved, and/or authorized SCI-Phoenix ("DSCS") Mandy Sipple released a Memo approving all inmates within SCI-Phoenix to wear headscarfs within the institution. PA-DOC & SCI-Phoenix already approves other religious groups the Jewish community to purchase religious headscarfs of their religion. (See: attached Memo Signed by Mandy Sipple as Exhibit J).

89.    On Oct. 8, 2022, Plaintiff submitted an PA-DOC DC ADM-819 PA-DOC DC ADM Outside Purchase Form addressed to approved vender (Al-Mainar Books/Islamic Fashion) for two religious headscarf totalling $ 16. 00 which was deducted off Plaintiff's inmate account. And on Oct. 18, 2022, Plaintiff's same Outside Purchase Form was approved for the religious headscarfs. (See: attached Outside Purchase Form singed by Plaintiff and dated Nov. 13, 2022, as

Exhibit K).

90.     (Al-Mainar Books/Islamic Fashion) is and approved vender by PA-DOC. (See:

attcahed PA-DOC approval for (Al-Mainar Books/Islamic Fashion) as Exhibit L).

91.     Due to Plaintiff not receiving the religious headscarfs that was approved to order

by SCI-Phoenix, Plaintiff had his family member contact the approved vender (Al-Mainar

Books/Islamic Fashion).

92.     Plaintiff was informed by his family member after contacting the approved vender

(Al-Mainar Books/Islamic Fashion), that SCI-Phoenix contacted the store and informed the store

"not to send any more headscrafs to SCI-Phoenix." Upon Plaintiff learning of this information he

filed a grievance (1014424).

93.     Defendants' PA-DOC, Little, & Klemm maintains a discriminatory policy,

practice, and custody in place PA-DOC ADM-819 which deprives Plaintiff of a religious item it

provides to other inmates who do not believe/follow and/or practice the Islamic faith and/or its

teachings.

94.     Defendants' PA-DOC approves other inmates who are similarly situated at same

SCI-Phoenix to purchase headscarf and religious headscarfs through the PA-DOC commissary

and through and outside purchase without first submitted an PA-DOC DC ADM-819 Religious

Accommodation Form.

95.    When Plaintiff made Defendants' PA-DOC, Little, & Klemm aware that Plaintif was

being deprived of the same protected rights as similarly situated inmates through the grievance

system, and grievances & appeals, all Defendants' failed to correct the problem despite having

the knowledge and power to correct and/grant plaintiff religious accommodation request.

96.     When Plaintiff made Defendants' PA-DOC, Little, and Klemm aware that Plaintif

was being deprived of the same protected rights as similarly situated inmates and discriminated against through the grievance system, and grievances & appeals, Defendant PA-DOC & Little failed to correct the problem despite having the knowledge and power to correct and/grant plaintiff religious accommodation request.

97.     Defendants' PA-DOC, Little, and Klemm authorized, approved, and/or maintains a discrminatory PA-DOC policy, custom, and practice through PA-DOC policy which restricted plaintiff from freely exerising his religious beliefs by denying Plaintiff's approved outside purchase for a religious headscarf as afforded to other inmates at same SCI-Phoenix where Plaintiff is housed.

98.     At this point, Defendant's PA-DOC, Little, & Klemm had direct administrative involvement in the handling of Plaintiff's approved outside purchase for a religious headscarf as afforded to other inmates at same SCI-Phoenix where Plaintiff is housed, but denied Plaintiff's approved outside purchase for a religious headscarf/religious item, and despite knowledge of the isssue Defendants' PA-DOC, Little, & Klemm failed to correct the problem depriving plaintiff of practicing his religion fully.

99.     As a foreseeable and predictable result, on the part of Defendants' Little & PA-DOC DC policy Plaintiff has been substantially burden and restricted from gaining access to the same religious items/headscarfs which are approved and afforded to similarly situated inmates for non-religious reasons, but denying Plaintiff and not affording Plaintiff the same rights to practice his religion freedly. Defandants' PA-DOC & Little has violated Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

100.    As a foreseeable and predictable result, on the part of Defendants PA-DOC, Little, & Klemm Plaintiff has been substanitally burden by Defendants' PA-DOC & Little only providing similarly situated inmates with the ability and/or rights to purchase religious items/headscarfs that are not apart of their religion while not providing Plaintiff with the equal protection in violation of Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

101.    As a foreseeable and predictable result, on the part of Defendants' PA-DOC & Little has substantially restricted Plaintiff from fully exerising his religious believes and can not cite any justifiable security risk to maintain, but denied planitiff the same religious treatment it provides to other similarly situated inmates in violation of Plaintiff's protected rights pursuant to The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

102.    Plaintiff has exhausted his administrative remedies for all clalims, Defendants' PA-DOC receives federal funding from the United States Department of Hosuing & Urban Development, and Upon information and belief, SCI-Phoenix, in which plaintiff is incarcrated, was and is funded in part by this federal funding.

## COUNT I

## THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSON ACT

## INFINGEMENT & RELIGIOUS DISCIMINATION CLAIM AGAINST

## PA-DOC, LITTLE & KLEMM IN VIOLATION OF

103.    Paragraph 1-102 are being incorporated be reference as the same set forth fully at length herein.

104.    The failure of Defendants PA-DOC, Little, and Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC policy have deprived plaintiff's of religious freedoms to ensure the provisions constitutionally required to freely excecise religion set forth fully in the complaint demonstrates and infingement on plaintiff's religious practice and are in direct violation of religious rights recognised within a 1983 Class Action Settlement attached to this Complaint and deliberate indifference towards plaintiff's equal protection to the failure of their suborbinates to provide him with constitutionally required protections where Plaintiff was discriminated against in violation of his rigths under The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Section 3, the conduct of the individual Defendants was outrageous, malicious, wanton, wilful, reckless, and intentionally designed to inflict harm upon Plaintiff; Defendants PA-DOC is being sued for quitable relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

1.    A declaration by the Court that:

(a).    Defendants PA-DOC are and/or violated the  entered Settlement Agreement &

Fedreal Court order to allow Muslims confined with it's PA-DOC's to have Eids at the end of Remadan where meats purchased for the feast/Eids;

(b).   Plaintiff has not received equal treatment for his religious beliefs as other similarly situated inmates of a different beileve system such as the Chistian and Jewish Communites;

(c).   Provisions set forth in PA-DOC DC ADM-815 is discriminatory where it makes no mention of the Islamic religion pertaining to the Eid Feast and other Islamic services;

(d).   As long as plaintiff is deprived of his religious practice to have Halal Meats/Eid as once was afforded by Defendants PA-DOC for over the last fourty years Plaintiff will not be able to receive appropriate free execrise and equal treatment for his religious beliefs as he once did for over the past 10 years;

(e).   Declare that Defendants PA-DOC, Little, & Kleem violated The Religious Land Use and Institutionalized Person Act, The First, Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Eighth Amendment to the U.S. Constitution Section 3;

(f).   Reasonable attorney's fees and plaintiff's costs in this suit; and

(g).   Any additioanl relief this Court deems just, proper, and equitable.

2.   An injunction ordering:

(a).   In injunction ordering Defendants' PA-DOC, Little, & Klemm to comply with all provisions set forth in the Settlement Agreement & Federal Court Order Class Action attcahed to this complaint as Exhibit A;

(b).   In injunction ordering Defendants' PA-DOC, Little, & Klemm to retract the

the new ploicy change prohibiting the religious Eid Feast as it is in vioaltion of the

attached settlement agreement-Federal Court Order, & U.S. Constitution;

(c).     In injunction ordering Defendants' PA-DOC, Little, & Klemm to provide the

opportunity to hold make a up Eid for any and all missed Eid Feats due to the

Defendants violation of the Settlement Agreement-Federal Court Order from the

time of the filing of this complaint;

(d).     An injunction ordering termination of PA-DOC from receiving federal funding for

violations Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq,

(e).     Reasoanble attorney's fees and plaintiff's costs in this suit;

(f).     Any additional relief this Court deems just, proper, and equitable.

## COUNT II

## 1st AMENDMENT RELIGIOUS DISCIMINATION & ESTABISHMENT CLAUSE

## CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

105.     Paragraph 1-104 are being incorporated by reference as set forth fully at length

herein

106.     The   failure   of   Defendants   PA-DOC,   Little,   &   Klemm   through   their

implementation, promulgation, and/or enforcement of the PA-DOC policy have deprived

plaintiff's of religious freedoms to ensure the provisions constitutionally required to freely

excecise religion set forth fully in the complaint demonstrates and infingement on plaintiff's

religious practice and are in direct violation of religious rights recognised within a 1983 Class

Action Settlement attached to this Complaint, and have deprived plaintiff's of religious freedoms

to ensure the provision of constitutionally required religious protections of equal teartment and

non-discrimination to the plaintiff set forth in this complaint demonstrates religious unequal

teartment and discriminatory deliberate indifference to plaintiff's religious beliefs and practice of Plaintiff's religious needs and deliberate indifference to the failure of their subordinates to provide plaintiff constitutionally required religious free religious exercise, equal religious teartment, and non-discriminatory treatment in vioaltion of his right under The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Section 3, the conduct of the individual Defendants was outrageous, malicious, wanton, wilful, reckless, and intentionally designed to inflict harm upon Plaintiff; Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

1.     A declaration by the Court that:

      (a).     Defendants PA-DOC are and/or violated the entered Settlement Agreement-Federal Court Order to allow Muslims confined with it's PA-DOC's to have Eids at the end of Remadan where meats were purchased for the both Eid-Feast by the Muslim community;

      (b).     Plaintiff has not received equal treatment for his religious beliefs as other similarly situated inmates of a different beilef system such as the Chistian and Jewish Communites;

      (c).     Provisions set forth in PA-DOC DC ADM-815 is discriminatory where it makes no mention of the Islamic religion pertaing to Eid Feast and other Islamic services;

    (d).    As long as plaintiff is deprived of his religious practice to have Eid-Feast at the end of Ramadan as once was offorded by Defendants PA-DOC for over the last fourty (40) years Plaintiff will not be able to receive appropriate free religious exercise and equal treatment for his religious beliefs as he once did for over the past 10 years;

    (e).    Declare that Defendants PA-DOC, Little, & Kleem violated The Religious Land Use and Institutionalized Person Act, The First, Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3;

2.    Compensatory and punitive damages:

    (a).    Compensatory and punitive damages against Defendants PA-DOC, Little, & Kleem  jointly and severally in an amount to be determined at trial for each day plaintiff PA-DOC prohibits Plaintiff from participating in the Eid Feats;

    (b).    Nominal damages;

    (c).    Reasonable attorney's fees and plaintiff's costs in this suit; and

    (d).    Any additioanl relief this Court deems just, proper, and equitable.

3.    An injunction ordering:

    (a).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to comply with all provisions set forth in the Settlement Agreement-Federal Court Order Class Action attcahed to this complaint as Exhibit A;

    (b).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to retract the the new ploicy change prohibiting the religious Eid Feast as it is in vioaltion of the attached Settlement Agreement-Federal Court Order;

(c).   In injunction ordering Defendants' PA-DOC, Little, & Klemm to provide the opportunity to hold make a up Eid for any and all missed Eid Feats due to the Defendants violation of the Settlement Agreement-Federal Court Order from the time of the filing of this complaint.

## COUNT III

## 14th AMENDMENT EQUAL PROTECTION & RELIGIOUS DISCRIMINATION CLAIM AGAINST PA-DOC, LITTLE & KLEMM

107.   Paragraph 1-106 are being incorporated by reference as set forth fully at length herein

108.   The failure of Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC policy have deprived plaintiffs of religious freedoms to ensure the provisions constitutionally required to freely exercise religion set forth fully in the complaint demonstrates and infingement on plaintiff's religious practice and are in direct violation of religious rights recognised within a 1983 Class Action Settlement attached to this Complaint, and have deprived plaintiffs of religious freedoms to ensure the provision of constitutionally required religious protections of equal teartment and non-discimination to the plaintiff set forth in this complaint demonstrates religious unequal teartment and discriminatory deliberate indifference to plaintiff's religious beliefs and practice of Plaintiff's religious needs and deliberate indifference to the failure of their subordinates to provide plaintiff constitutionally required religious free religious exercise, equal religious teartment, and non-disciminatory treatment in vioaltion of his right under The Religious Land Use and Institutionalized Person Act, The First, Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Section 3, the conduct of the individual

Defendants was outrageous, malicious, wanton, wilful, reckless, and intentionally designed to inflict harm upon Plaintiff; Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

1.      A declaration by the Court that:

      (a).    Defendants PA-DOC are and/or violated the entered Settlement Agreement-Federal Court Order to allow Muslims confined with it's PA-DOC's to have Eids at the end of Remadan where meats were purchased for the both Eid-Feast by the Muslim community;

      (b).    Plaintiff has not received equal treatment for his religious beliefs as other similarly situated inmates of a different beileve system such as the Chistian and Jewish Communites;

      (c).    Provisions set forth in PA-DOC DC ADM-815 is discriminatory where it makes no mention of the Islamic religion pertaining to Eid Feast and other Islamic services;

      (d).    As long as plaintiff is deprived of his religious practice to have Eid-Feast at the end of Ramadan as once was offorded by Defendants PA-DOC for over the last fourty (40) years Plaintiff will not be able to receive appropriate free religious exercise and equal treatment for his religious beliefs as he once did for the past 9 years;

      (e).    Declare that Defendants PA-DOC, Little, & Kleem violated The

Religious Land Use and Institutionalized Person Act, The First, Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Section 3;

2.        Compensatory and punitive damages:

    (a).    Compensatory and punitive damages against Defendants PA-DOC, Little, & Kleem  jointly and severally in an amount to be determined at trial for each day plaintiff PA-DOC prohibits Plaintiff from participating in the Eid Feats;

    (b).    Nominal damages;

    (c).    Reasonable attorney's fees and plaintiff's costs in this suit; and

    (d).    Any additioanl relief this Court deems just, proper, and equitable.

3.    An injunction ordering:

    (a).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to comply with all provisions set forth in the Settlement Agreement-Federal Court Order Class Action attcahed to this complaint as Exhibit A;

    (b).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to retract the the new ploicy change prohibiting the religious Eid Feast as it is in vioaltion of the attached Settlement Agreement-Federal Court  Order;

    (c).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to provide the opportunity to hold a make up Eid for any and all missed Eid Feats due to the Defendants violation of the Settlement Agreement-Federal Court Order from the time of the filing of this complaint.

## COUNT IV

## THE PENNSYLVANIA CONTITUTION ARTICLE 1 SECTION 3

## EQUAL PROTECTION & RELIGIOUS DISCRIMINATION

## CLAIM AGAINST PA-DOC, LITTLE & KLEMM

109.    Paragraph 1-108 are being incorporated by reference as set forth fully at length herein

110.    The failure of Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC policy have deprived plaintiffs of religious freedoms to ensure the provisions constitutionally required to freely excecise religion set forth fully in the complaint demonstrates and infingement on plaintiffs religious practice and are in direct violation of religious rights recognised within a 1983 Class Action Settlement attached to this Complaint, and have deprived plaintiffs of religious freedoms to ensure the provision of constitutionally required religious protections of equal teartment and non-discimination to the plaintiff set forth in this complaint demonstrates religious unequal teartment and discriminatory deliberate indifference to plaintiffs religious believes and practice of Plaintiffs religious needs and deliberate indifference to the failure of their subordinates to provide plaintiff constitutionally required religious free religious exercise, equal religious teartment, and non-discimatory treatment in vioaltion of his right under The Religious Land Use and Institutionalized Person Act, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article Section 3, the conduct of the individual Defendants was outrageous, malicious, wanton, wilful, reckless, and intentionally designed to inflict harm upon Plaintiff; Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the

following relief:

1.    A declaration by the Court that:

    (a).    Defendants PA-DOC are and/or violated the entered Settlement Agreement-
Federal Court Order to allow Muslims confined with it's PA-DOC's to have Eids
at the end of Remadan where meats were purchased for the both Eid-Feast by the
Muslim community;

    (b).    Plaintiff has not received equal treatment for his religious believes as other
similarly situated inmates of a different beileve system such as the Chistian and
Jewish Communites;

    (c).    Provisions set forth in PA-DOC DC ADM-815 is discriminatory where it makes
no mention of the Islamic religion pertaing to Eid Feast and other Islamic
services;

    (d).    As long as plaintiff is deprived of his religious practice to have Eid-Feast at the
end of Ramadan as once was offorded by Defendants PA-DOC for over the last
(40) fourty years Plaintiff will not be able to receive appropriate free religious
exercise and equal treatment for his religious believes as he once did for the past
10 years;

    (e).    Declare that Defendants PA-DOC, Little, & Kleem violated The
Religious Land Use and Institutionalized Person Act, The First, Fourteenth
Amendments of The United States Constitution, and The Pennsylvania
Constitution Article 1 Section 3;

2.    Compensatory and punitive damages:

    (a).    Compensatory and punitive damages against Defendants PA-DOC, Little, &

Kleem jointly and severally in an amount to be determined at trial for each

day plaintiff PA-DOC prohibits Plaintiff from participating in the Eid Feats;

(b).    Nominal damages;

(c).    Reasonable attorney's fees and plaintiff's costs in this suit; and

(d).    Any additioanl relief this Court deems just, proper, and equitable.

3.    An injunction ordering:

(a).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to comply with all

provisions set forth in the Settlement Agreement-Federal Court Order Class

Action attcahed to this complaint as Exhibit A;

(b).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to retract the

the new ploicy change prohibiting the religious Eid Feast as it is in vioaltion of the

attached Settlement Agreement-Federal Court order;

(c).    In injunction ordering Defendants' PA-DOC, Little, & Klemm to provide the

opportunity to hold a make up Eid for any and all missed Eid Feats due to the

Defendants violation of the settlement agreement from the time of the filing of

this complaint.

## COUNT V

## THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSON ACT

## EQUAL PROTECTION & RELIGIOUS DISCRIMINATION CLAIM AGAINST

## PA-DOC, LITTLE & KLEMM

111.    Paragraph 1-110 are being incorporated by reference as the same set forth fully at

length herein.

112.    As set forth fully in this complaint, Defendants PA-DOC, through their

implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3)(c)

policy have denied plaintiff's request and/or access for a religious accommodation in the form of being premitted to personally possess religious blessed scented oil in his cell for prayer therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

113.    This demonstrates deliberate indifference to the failure of their subordinates to provide accommodations in the form of religious blessed scented oil to the Plaintiff something Defendant PA-DOC/SCI-Phoenix already provide at SCI-Phoenix, but only for one of Plaintiff 35 weekly prayers which protections/religious rights are required under The Religious Land Use and Institutionalized Person Act, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendant PA-DOC are being sued for Compensatory & injunction relief.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

1.    A declaration:

    (a).    A declaration by the Court that PA-DOC DC ADM-819 Section (3)(c) policy denying plaintiff access to religious blessed scented oil in the form of an (outright-ban) places a substanital burden on Plaintiff protected religious rights ensured under The Religious Land Use and Institutionalized Person Act, in

violation of his protected rights under The Religious Land Use and Institutionalized Person Act;

(b).   An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of premitting Plaintiff to persoanlly possess blessed scented oil in his cell;

(c).   An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, & Fourteenth Amendments of The United States Constitution U.S. constitution;

(d).   An injunction ordering termination of PA-DOC from receiving federal funding for violations Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq,

(e).    Nominal damages;

(f).   Reasoanble attorney's fees and plaintiff's costs in this suit;

(g).   Any additional relief this Court deems just, proper, and equitable.

## COUNT VI

## 1ST &14TH AMENDMENT FREE EXERCISE/ESTABLISHMENT CLASUE, EQUAL PROTECTION & RELIGIOUS DISCRIMINATION CLAIM AGAINST

## PA-DOC, LITTLE & KLEMM

114.   Paragraph 1-113 are being incorporated by reference as the same set forth fully at length herein.

115.   As set forth fully in this complaint, Defendants PA-DOC, Little, & Kleem through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3) (c) policy have denied plaintiff's request and/or access for a religious accommodation in the form

of being premitted to personally possess religious blessed scented oil in his cell for prayer therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First and Fourth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

116.    This demonstrates deliberate indifference to the failure of their subordinates to provide accommodations in the form of religious blessed scented oil to the Plaintiff something Defendant PA-DOC/SCI-Phoenix already provide at SCI-Phoenix, but only for one of Plaintiff 35 weekly prayers which protections/religious rights are required under The Religious Land Use and Institutionalized Person Act, The First Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, The First and Fourth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief. **WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-819 Section (3)(c) policy denying plaintiff access to religious blessed scented oil in the form of an (out-right-ban) places a substanital burden on Plaintiff protected religious rights ensured under The Religious Land Use and Institutionalized Person Act, in violation of his protected rights under The Religious Land Use and Institutionalized Person Act;

(b).    An injunction ordering Defendant The PA-DOC to grant plaintiff's

accommodation request in the form of premitting Plaintiff to persoanlly possess blessed scented oil in his cell;

(c).   An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Eighth, & Fourteenth Amendments of The United States Constitution U.S. constitution;

(d).   Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive accommodation in the form of religious scented oil for prayer;

(e).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff has been denied a reasonable accommodation in the form of religious scented oil for prayer;

(f).   Nominal damages;

(g).   Reasoanble attorney's fees and plaintiff's costs in this suit;

(h).   Any additional relief this Court deems just, proper, and equitable.

## COUNT VII

### 14TH AMENDMENT FREE EXERCISE, EQUAL PROTECTION & RELIGIOUS DISCRIMINATION CLAIM AGAINST PA-DOC, LITTLE & KLEMM

117.   Paragraph 1-116 are being incorporated by reference as the same set forth fully at length herein.

118.   As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819

Section (3)(c) policy have denied plaintiff's request and/or access for a religious accommodation in the form of being premitted to personally possess religious blessed scented oil in his cell for prayer therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

119.     This demonstrates deliberate indifference to the failure of their subordinates to provide accommodations in the form of religious blessed scented oil to the Plaintiff something Defendant PA-DOC/SCI-Phoenix already provide at SCI-Phoenix, but only for one of Plaintiff 35 weekly prayers which protections/religious rights are required in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, The First and Fourteenth Amendment of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).     A declaration by the Court that PA-DOC DC ADM-819 Section (3)(c) policy denying plaintiff access to religious blessed scented oil in the form of an (out-right-ban) places a substanital burden on Plaintiff protected religious rights ensured under The Religious Land Use and Institutionalized Person Act, in violation of his protected rights under The Religious Land Use and Institutionalized Person Act;

(b).     An injunction ordering Defendant The PA-DOC to grant plaintiff's

accommodation request in the form of premitting Plaintiff to persoanlly possess blessed scented oil in his cell;

(c).   An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Fourteenth Amendment of The United States Constitution U.S. constitution;

(d).   Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive accommodation in the form of religious scented oil for prayer;

(e).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff has been denied a reasonable accommodation in the form of religious scented oil for prayer;

(f).   Nominal damages;

(g).   Reasoanble attorney's fees and plaintiff's costs in this suit;

(h).   Any additional relief this Court deems just, proper, and equitable.

## COUNT VIII

### THE PENNSYLVANIA CONTITUTION ARTCLE 1 SECTION 3

### EQUAL PROTECTION & RELIGIOUS DISCRIMINATION

### CLAIM AGAINST PA-DOC, LITTLE & KLEMM

120.   Paragraph 1-119 are being incorporated by reference as the same set forth fully at length herein.

121.   As set forth fully in this complaint, Defendants PA-DOC, Little, Kleem through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3)

(c) policy have denied plaintiff's request and/or access for a religious accommodation in the form of being premitted to personally possess religious blessed scented oil in his cell for prayer therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

122.    This demonstrates deliberate indifference to the failure of their subordinates to provide accommodations in the form of religious blessed scented oil to the Plaintiff something Defendant PA-DOC/SCI-Phoenix already provide at SCI-Phoenix, but only for one of Plaintiff 35 weekly prayers which protections/religious rights are required in violation under The Religious Land Use and Institutionalized Person Act, The First and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.  **WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-819 Section (3)(c) policy denying plaintiff access to religious blessed scented oil in the form of an (out-right-ban) places a substanital burden on Plaintiff protected religious rights inviolation of his rights ensured under The Pennsylvania Constitution Article 1 Section 3, The First Amendment of The United States Constitution, and The Religious Land Use and Institutionalized Person Act;

(b).    An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of premitting Plaintiff to persoanlly possess

blessed scented oil in his cell for prayer;

(c).    An injunction ordering Defendant The PA-DOC from future retaliation for bring

this suit and reporting the violations pursuant to The Pennsylvania Constitution

Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The

First, Fourth, & Fourteenth Amendments of The United States Constitution U.S.

constitution;

(d).    Compensatory damages against Defendant The PA-DOC for each day that

plaintiff has been unable to receive accommodation in the form of religious

scented oil for prayer;

(e).    Compensatory damages against Defendant The PA-DOC for each day that

plaintiff has been denied a reasonable accommodation in the form of religious

scented oil for prayer;

(f).    Nominal damages;

(g).    Reasoanble attorney's fees and plaintiff's costs in this suit;

(h).    Any additional relief this Court deems just, proper, and equitable.

## COUNT IX

### THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSON ACT

### CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

123.    Paragraph 1-122 are being incorporated by reference as the same set forth fully at
length herein.

124.    As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm
through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-008
Section (J) policy have denied plaintiff's request and/or access for a religious accommodation in
the form of a see-through shower curtain with opaque view for showering privacy for religious

reasons and showering protections offorded to similarly situated inmates housed at the same institution in therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

125.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of showering privacy for religious reasons something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix on (Units-A) (Units-B) (Units-M) & (Units-Q) and to a class of similary situtated inmates in violation of the protections required under The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendant PA-DOC are being sued for compensatory & injunction relief.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-008 policy denying plaintiff access to the same showering protections is dicriminatory where  Defendants PA-DOC already approved and provides showering accommodations for non-religious reasons to a class of similarly situated inmates demonsrates religious discrimination, unequal protection dnied free exercise in violation of the rights ensured under  The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First, Fourth & Fourteenth

Amendments of The United States Constitution;

(b).    Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided for non-religious reasons in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons;

(c).    Plaintiff was excluded from receving the same non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at for religious resasons;

(d).    An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons protections provided to similarly situated inmates at SCI-Phoenix that are provided and approved already for non-religiouse reasons;

(e).    An injunction ordering Defendant The PA-DOC form any and all future retaliation for  bringing this suit and reporting the violations pursuant to The Pennsylvania Constitution  Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of  The United States Constitution U.S. constitution;

(f)    An injunction ordering termination of PA-DOC from receiving federal funding for violations Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq,

(g).    Reasoanble attorney's fees and plaintiff's costs in this suit;

(h).    Any additional relief this Court deems just, proper, and equitable.

## COUNT X

**1ST AMENDMENT RELIGIOUS DISCIMINATION & EQUAL PROTECTION CLAIM AGAINST PA-DOC, LITTLE & KLEMM**

126.    Paragraph 1-125 are being incorporated by reference as the same set forth fully at length herein.

127.    As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-008 Section (J) policy have denied plaintiff's request and/or access for a religious accommodation in the form of a see-through shower curtain with opaque view for showering privacy for religious reasons and showering protections offorded to similarly situated inmates housed at the same institution in therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

128.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of showering privacy for religious reasons something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix on (Units-A) (Units-B) (Units-M) & (Units-Q) and to a class of similary situtated inmates in violation of the protections required under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

   **WHEREFORE,** plaintiff respectfuly prays that this Court enter Judgement

granting him:

(a).  A declaration by the Court that PA-DOC DC ADM-008 policy denying plaintiff access to the same showering protections is dicriminatory where Defendants PA-DOC already approved and provides showering accommodations for non-religious reasons to a class of similarly situated inmates demonsrates religious discrimination, unequal protection in violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First, Fourth & Fourteenth Amendments of The United States Constitution;

(b).  Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided for non-religious reasons in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons;

(c).  Plaintiff was excluded from receving the same non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at for religious resasons;

(d).  An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons protections provided to similarly situated inmates at SCI-Phoenix that are provided and approved already for non-religiouse reasons;

(e).  An injunction ordering Defendant The PA-DOC form any and all future retaliation for bringing this suit and reporting the violations pursuant to The

45

Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of The United States Constitution U.S. constitution;

(f).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff has been unable to receive religious accommodation and the same religious rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the same protections as similary situated inmates housed at the same SCI-Phoenix Plaintiff is housed at;

(h).   Nominal damages;

(i).   Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).   Any additional relief this Court deems just, proper, and equitable.

## COURT XI

## 4TH & 1ST AMENDMENT RELIGIOUS DISCIMINATION & INVATION OF PRIVATE CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

129.   Paragraph 1-128 are being incorporated by reference as the same set forth fully at length herein.

130.   As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-008 Section (J) policy have denied plaintiff's request and/or access for a religious accommodation in the form of a see-through shower curtain with opaque view for showering privacy for religious reasons and showering protections offorded to similarly situated inmates housed at the same

institution in therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

131.     This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of showering privacy for religious reasons something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix on (Units-A) (Units-B) (Units-M) & (Units-Q) and to a class of similary situtated inmates in violation of the protections required under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

WHEREFORE, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).     A declaration by the Court that PA-DOC DC ADM-008 policy denying plaintiff access to the same showering protections is dicriminatory where  Defendants PA-DOC already approved and provides showering accommodations for non-religious reasons to a class  of similarly situated inmates demonsrates religious discrimination, unequal protection in violation of the rights ensured under  The Religious Land Use and Institutionalized Person Act, The  Pennsylvania Constitution Article 1 Section 3, The First, Fourth, & Fourteenth Amendments of The United States Constitution;

(b).   Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided for non-religious reasons in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons;

(c).   Plaintiff was excluded from receving the same non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at for religious resasons;

(d).   An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons protections provided to similarly situated inmates at SCI-Phoenix that are provided and approved already for non-religiouse reasons;

(e).   An injunction ordering Defendant The PA-DOC form any and all future retaliation for  bringing this suit and reporting the violations pursuant to The Pennsylvania Constitution  Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of  The United States Constitution U.S. constitution;

(f).   Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive religious accommodation and the same religious rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the

same protections as similarly situated inmates housed at the same SCI-

Phoenix Plaintiff is housed at;

(h).    Nominal damages;

(i).    Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).    Any additional relief this Court deems just, proper, and equitable.

## COUNT XII

### 14TH AMENDMENT RELIGIOUS DISCIMINATION & EQUAL PROTECTION
### CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

132.    Paragraph 1-131 are being incorporated by reference as the same set forth fully at length herein.

133.    As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-008 Section (J) policy have denied plaintiff's request and/or access for a religious accommodation in the form of a see-through shower curtain with opaque view for showering privacy for religious reasons and showering protections offorded to similarly situated inmates housed at the same institution in therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

134.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of showering privacy for religious reasons something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix on (Units-A) (Units-B) (Units-M) & (Units-Q) and to a class of similary situated inmates in violation of the protections required under The Religious Land Use and Institutionalized Person Act, The First, Fourth, and Fourteenth

Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

     **WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a). A declaration by the Court that PA-DOC DC ADM-008 policy denying plaintiff access to the same showering protections is dicriminatory where Defendants PA-DOC already approved and provides showering accommodations for non-religious reasons to a class of similarly situated inmates demonsrates religious discrimination, unequal protection in violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The, First, Fourth, & Fourteenth Amendments of The United States Constitution;

(b). Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided for non-religious reasons in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons;

(c). Plaintiff was excluded from receving the same non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at for religious resasons;

(d). An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a see-through shower curtain with opaque

view for showering privacy & religious reasons protections provided to

similarly situated inmates at SCI-Phoenix that are provided and approved already

for non-religiouse reasons;

(e).    An injunction ordering Defendant The PA-DOC form any and all future

retaliation for  bringing this suit and reporting the violations pursuant to The

Pennsylvania Constitution  Article 1 Section 3, The Religious Land Use and

Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of  The

United States Constitution U.S. constitution;

(f).    Compensatory damages against Defendant The PA-DOC for each day that

plaintiff has been unable to receive religious accommodation and the same

religious rights provided protections as similary situated inmates housed at the

same SCI-Phoenix;

(g).    Compensatory damages against Defendant The PA-DOC for each day that

plaintiff was unable to receive a reasonable religious accommodation and the

same protections as similary situated inmates housed at the same SCI-

Phoenix Plaintiff is housed at;

(h).    Nominal damages;

(i).    Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).    Any additional relief this Court deems just, proper, and equitable.

## COUNT XIII

### THE PENNSYLAVANIA CONSTIUTION ARTICLE 1 SECTION 3
### RELIGIOUS DISCIMINATION & EQUAL PROTECTION CLAIM
### AGAINST PA-DOC, LITTLE & KLEMM

135.    Paragraph 1-134 are being incorporated by reference as the same set forth fully at

length herein.

136.    As set forth fully in this complaint, Defendants PA-DOC, Little, Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-008 Section (J) policy have denied plaintiff's request and/or access for a religious accommodation in the form of a see-through shower curtain with opaque view for showering privacy for religious reasons and showering protections offorded to similarly situated inmates housed at the same institution in therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

137.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of showering privacy for religious reasons something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix on (Units-A) (Units-B) (Units-M) & (Units-Q) and to a class of similary situtated inmates in violation of the protections required under The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

WHEREFORE, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-008 policy denying plaintiff access to the same showering protections is dicriminatory where  Defendants PA-

DOC already approved and provides showering accommodations for non-religious reasons to a class of similarly situated inmates demonsrates religious discrimination, unequal protection in violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First, Fourth, & Fourteenth Amendments of The United States Constitution;

(b).   Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided for non-religious reasons in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons;

(c).   Plaintiff was excluded from receving the same non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at for religious resasons;

(d).   An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a see-through shower curtain with opaque view for showering privacy & religious reasons protections provided to similarly situated inmates at SCI-Phoenix that are provided and approved already for non-religiouse reasons;

(e).   An injunction ordering Defendant The PA-DOC form any and all future retaliation for bringing this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, Fourth, & Fourteenth Amendments of The United States Constitution U.S. constitution;

(f).    Compensatory damages against Defendant The PA-DOC for each day that plaintiff has been unable to receive religious accommodation and the same religious rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).    Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the same protections as similary situated inmates housed at the same SCI-Phoenix Plaintiff is housed at;

(h).    Nominal damages;

(i).    Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).    Any additional relief this Court deems just, proper, and equitable.

## COUNT XIV

## THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSON ACT

## CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

138.    Paragraph 1-137 are being incorporated by reference as the same set forth fully at length herein.

139.    As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3)(c) policy have denied plaintiff's request and/or access for a religious accommodation for the same religious protections offorded to similarly situated inmates housed at the same institution in the form of religious headscarf and have therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1

Section 3.

140.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of a religious headscarf something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix to a class of similary situtated inmates who are not and/or does not follow the Islamic faith and/or who are not aprat of the Islamic community protections required in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendant PA-DOC are being sued for Compensatory & injunction relief.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-819 policy denying plaintiff access to religious a headscarf something Defendants PA-DOC already approved and provides to other religious and non-religious similarly situated classies is religious discrimination & a equal protection violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First & Fourteenth Amendments of The United States Constitution;

(b).    Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided religious and non-religious reasons in the form of a religious headscarf;

(c).    Plaintiff was excluded from receving the same religious and non-religious

protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at;

(d).     An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a religious headscarf provided to similarly situated inmates at SCI-Phoenix that are provided and approved already;

(e).     An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution U.S. constitution;

(f).     An injunction ordering termination of PA-DOC from receiving federal funding for violations Title VI of the Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1 et seq,

(g).     Nominal damages;

(h).     Reasoanble attorney's fees and plaintiff's costs in this suit;

(i).     Any additional relief this Court deems just, proper, and equitable.

## COUNT XV

## 1st AMENDMENT RELIGIOUS DISCIMINATION & EQUAL PROTECTION CLAIM AGAINST PA-DOC, LITTLE & KLEMM

141.     Paragraph 1-140 are being incorporated by reference as the same set forth fully at length herein.

142.     As set forth fully in this complaint, Defendants PA-DOC, Little, Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3) (c) policy have denied plaintiff's request and/or access for a religious accommodation for the same religious protections offorded to similarly situated inmates housed at the same institution in

the form of religious headscarf and have therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

143.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of a religious headscarf something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix to a class of similary situtated inmates who are not and/or does not follow the Islamic faith and/or who are not aprat of the Islamic community protections required under in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-819 policy denying plaintiff access to religious a headscarf something Defendants PA-DOC already approved and provides to other religious and non-religious similarly situated classies is religious discrimination & a equal protection violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The  Pennsylvania Constitution Article 1 Section 3, The First & Fourteenth Amendments of The United States Constitution;

(b).  Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided religious and non-religious reasons in the form of a religious headscarf;

(c).  Plaintiff was excluded from receving the same religious and non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at;

(d).  An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a religious headscarf provided to similarly situated inmates at SCI-Phoenix that are provided and approved already;

(e).  An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution U.S. constitution;

(f).  Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive accommodation and the same religiouse rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).  Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the same protections as similarly situated inmates housed at the same SCI-Phoenix Plaintiff is housed at;

(h).  Nominal damages;

(i).     Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).     Any additional relief this Court deems just, proper, and equitable.

## COUNT XVI

## 14TH AMENDMENT RELIGIOUS DISCIMINATION & EQUAL PROTECTION CLAIM  AGAINST PA-DOC, LITTLE & KLEMM

144.     Paragraph 1-143 are being incorporated by reference as the same set forth fully at length herein.

145.     As set forth fully in this complaint, Defendants PA-DOC, Little, Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3) (c) policy have denied plaintiff's request and/or access for a religious accommodation for the same religious protections offorded to similarly situated inmates housed at the same institution in the form of religious headscarf and have therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

146.     This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of a religious headscarf something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix to a class of similary situtated inmates who are not and/or does not follow the Islamic faith and/or who are not aprat of the Islamic community protections required in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for

damages and in their official capacity for quitable relief.

      **WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

    (a).    A declaration by the Court that PA-DOC DC ADM-819 policy denying plaintiff access to religious a headscarf something Defendants PA-DOC already approved and provides to other religious and non-religious similarly situated classies is religious discrimination & a equal protection violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First & Fourteenth Amendments of The United States Constitution;

    (b).    Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided religious and non-religious reasons in the form of a religious headscarf;

    (c).    Plaintiff was excluded from receving the same religious and non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at;

    (d).    An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a religious headscarf provided to similarly situated inmates at SCI-Phoenix that are provided and approved already;

    (e).    An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution U.S.

constitution;

(f).     Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive accommodation and the same religiouse rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).     Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the same protections as similary situated inmates housed at the same SCI-Phoenix Plaintiff is housed at;

(h).     Nominal damages;

(i).     Reasoanble attorney's fees and plaintiff's costs in this suit;

(j).     Any additional relief this Court deems just, proper, and equitable.

## COUNT XVII

### THE PENNSYLAVANIA CONTSTITUTION ARTICLE 1 SECTION 3
### RELIGIOUS DISCIMINATION & EQUAL PROTECTION
### CLAIM AGAINST PA-DOC, LITTLE & KLEMM

147.    Paragraph 1-146 are being incorporated by reference as the same set forth fully at length herein.

148.    As set forth fully in this complaint, Defendants PA-DOC, Little, & Klemm through their implementation, promulgation, and/or enforcement of the PA-DOC ADM-819 Section (3)(c) policy have denied plaintiff's request and/or access for a religious accommodation for the same religious protections offorded to similarly situated inmates housed at the same institution in the form of religious headscarf and have therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The

First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

149.    This demonstrates deliberate indifference and intentional religious discrimination to the failure of their subordinates to provide religious accommodations in the form of a religious headscarf something Defendants' PA-DOC, Little, Kleem, & SCI-Phoenix approved & already provides at SCI-Phoenix to a class of similary situtated inmates who are not and/or does not follow the Islamic faith and/or who are not aprat of the Islamic community protections required in violation of his protected rights under the The Religious Land Use and Institutionalized Person Act, The First & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3, Defendants PA-DOC is sued for damages & quitable relief, Defendants' Little, & Klemm are being sued in their individual capacity for damages and in their official capacity for quitable relief.

**WHEREFORE,** plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that PA-DOC DC ADM-819 policy denying plaintiff access to religious a headscarf something Defendants PA-DOC already approved and provides to other religious and non-religious similarly situated classies is religious discrimination & a equal protection violation of the rights ensured under The Religious Land Use and Institutionalized Person Act, The Pennsylvania Constitution Article 1 Section 3, The First & Fourteenth Amendments of The United States Constitution;

(b).    Plaintiff is entitled to the same religious protections and accommodations provided to similarly situated inmates at SCI-Phoenix that are provided religious

and non-religious reasons in the form of a religious headscarf;

(c).   Plaintiff was excluded from receiving the same religious and non-religious protection offorded to similary situated inmates in the same SCI-Phoenix Plaintiff is housed at;

(d).   An injunction ordering Defendant The PA-DOC to grant plaintiff's accommodation request in the form of a religious headscarf provided to similarly situated inmates at SCI-Phoenix that are provided and approved already;

(e).   An injunction ordering Defendant The PA-DOC from future retaliation for bring this suit and reporting the violations pursuant to The Pennsylvania Constitution Article 1 Section 3, The Religious Land Use and Institutionalized Person Act, The First, & Fourteenth Amendments of The United States Constitution U.S. constitution;

(f).   Compensatory damages against Defendant The PA-DOC for each day that plantiff has been unable to receive accommodation and the same religiouse rights provided protections as similary situated inmates housed at the same SCI-Phoenix;

(g).   Compensatory damages against Defendant The PA-DOC for each day that plaintiff was unable to receive a reasonable religious accommodation and the same protections as similary situated inmates housed at the same SCI-Phoenix Plaintiff is housed at;

(h).   Nominal damages;

(i).   Reasoanble attorney's fees and plaintiff's costs in this suit

(j).   Any additional relief this Court deems just, proper, and equitable.

<u>**COUNT XIX**</u>

**INJUNCTIVE RELIEF AGAINST DEFENDANT PA-DOC FOR VIOLATON OF**

**SETTELEMENT AGREEMENT-FEDERAL COURT ORDER, THE RELIGIOUS LAND**

**USE AND INSTUTITIONALIZED PERSON ACT, FIRST, FOURTH, FOURTEENTH**

**AMENDMENTS, TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 § 2000d-1 et seq , &**

<u>**THE PENNSYLVANIA CONSTITUTION ARTICLE 1 SECTION 3**</u>

150.    Paragraph 1-149 are being incorporated by reference as the same set forth fully at length herein.

151.    Defendants PA-DOC receives federal funding from the United States Department of Hosuing & Urban Development.

152.    Upon information and belief, SCI-Phoenix, in which plaintiff is incarcrated, was and is funded in part by this federal funding.

153.    As set forth fully in this complaint, Defendant PA-DOC, through their implementation, promulgation, and/or enforcement of the PA-DOC policies have violated a settelement agreement-Federal Court Order which enforced the Eid Feats, denied plaintiff's religious accommodation request and/or access to blessed scented oil for unproven sercuity reasons, denied Plaintiff's religious accommodation request for an opaque see-through showering curtain for religious privacy something the PA-DOC at SCI-Pheonix already provides to similary situated inmates at the same institution, & denied Plaintiff religious accommodation request for a religious headscarf something the PA-DOC at SCI-Pheonix already provides to similary situated inmates for non-religious reasons therefore, deprived plaintiff of his protected rights ensured under The Religious Land Use and Institutionalized Person Act, The Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth, & Fourteenth Amendments of The United States

Constitution, and The Pennsylvania Constitution Article 1 Section 3.

154.   As set forth fully in this complaint, Defendants' PA-DOC, continues to unlawfully and intentionally fails to disavow its policy which prohibits the Eid and in violation of an Settlement Agrement-Federal Court Order, denied to grant plaintiff with reasonable religious accommodation.

155.   As set forth fully in this complaint, Defendant PA-DOC, unlawfully continues to deny plaintiff free exercise of religion because of his religion subjecting plaintiff to an ongoing unconstitutional violation of theThe Religious Land Use and Institutionalized Person Act, The Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq, The First, Fourth & Fourteenth Amendments of The United States Constitution, and The Pennsylvania Constitution Article 1 Section 3.

**WHEREFORE**, plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).   An injunction ordering Defendant The PA-DOC to disavow its policy which prohibits the Eid and in violation of a Settlement Agrement-Federal Court Order Action No. 79-3699, and the U.S. Contitiution;

(b).   An injunction ordering Defendant The PA-DOC to grant plaintiff's religious accommodation request in the form blessed scented oil;

(c).   An injunction ordering Defendant The PA-DOC to grant plaintiff's religious accommodation request in the form of a see through opaque showing curtain;

(d).   An injunction ordering Defendant The PA-DOC to grant plaintiff's religious ccommodation request in the form of access to religious headscarf;

(e).   An injunction ordering Defendant The PA-DOC from future retaliation for bring

this suit and reporting the violations of The Religious Land Use and

Institutionalized Person Act, The Civil Rights Act of 1964 42 U.S.C.S. § 2000d-1

et seq, The First, Fourth, Fourteenth Amendments of The United States

Constitution, and The Pennsylvania Constitution Article 1 Section 3;

(f).     An injunction ordering Defendant PA-DOC from receiving federal funding until

PA-DOC complies with The Religious Land Use and Institutionalized Person Act

Title VI of The Civil Right Act of 1964 42 U.S.C.S. § 2000d-1;

(g).     An injunction ordering termination of PA-DOC from receiving federal funding for

violations of The Religious Land Use and Institutionalized Person Act Title VI of

the Civil Rights Act of 1964, 42 U.S.C.S. § 2000d-1 et seq.

I Jori Britt, hereby swear under the penalty of perjury that all facts, claims, and/or matter

stated herein it true, and correct and not misleading pursuant to 18 § 4904 Executed on this

___12___ dayof ___JUNE___, 2023

_Jori Britt_

JORI BRITT
Inst. No. KJ-9477
SCI-Phoenix
Box 244
Collegeville, PA 19426

Respectfully Submitted,
JORI BRITT

Date _JUNE 12_, 2023

### VERIFICATION

I Jori Britt, the undersigned, do hereby certify that all of the above statement are true and

correct to the very best of my knowledge, belief and understanding, and further, that I understand

this VERIFICATION, and the statement, contained herein, are made subject to the penalties of

18 Pa. Cons. Stat. Ann § 4904, relating to unsworn falsification to authorities.

Signed: _Jori Britt_                                      Date: _JUNE 12, 2023_

-66-

Date: _JUNE 12_, 2023

Respectfully Submitted
JORI BRITT
Inst. No. KJ-9477
SCI-Phoenix
P.O.Box 244
Collegeville, PA 19426